UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>              Plaintiff,<br><br>    v.<br><br>S.C. ROUSSEAU, et al.,<br><br>             Defendants. | CV F- 04-5198 OWW DLB P<br><br>FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |

Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Plaintiff filed this action on January 26, 2004 in the Sacramento Division of the Eastern District. By order filed January 29, 2004, the action was transferred to the Fresno Division. Pending before the court is the amended complaint filed June 30, 2004.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28

1  U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend
2  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
3  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

4      In the instant case, plaintiff brings action against Director C.A. Terhune, Warden D. Ortiz,
5  Captain Dell, Correctional Lieutenant Rousseau, Correctional Officer Edmons, and Dr. Kim, all of
6  Corcoran State Prison.  Plaintiff alleges that he has a mobility impairment and uses a wheelchair.
7  Plaintiff alleges that defendants Rousseau and Edmons were deliberately indifferent to his medical
8  needs and subjected him to unconstitutional conditions by relocating him from an wheelchair
9  accessible cell to an inaccessible cell.  Plaintiff alleges that while in the inaccessible cell, he
10 sustained injuries from a fall incurred while trying to move from the wheelchair to his bunk.
11 Plaintiff also alleges that Dr. Kim prepared a false injury/incident report to cover up Rousseau's
12 actions.  Plaintiff states that defendant Rousseau moved him back to his accessible cell after he
13 returned from Dr. Kim.  Plaintiff seeks monetary relief to compensate for his injuries.

14     Plaintiff has failed to state cognizable claims against defendants Terhune, Ortiz or Dell.
15 Supervisory personnel are generally not liable under section 1983 for the actions of their employees
16 under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial
17 position, the causal link between him and the claimed constitutional violation must be specifically
18 alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438,
19 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983
20 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim
21 that supervisory defendants either: personally participated in the alleged deprivation of constitutional
22 rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a
23 policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving
24 force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal
25 citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading
26 standards are broad, some facts must be alleged to support claims under section 1983.  See
27 Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).
28

Plaintiff has not alleged any facts indicating that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff therefore fails to state any claims for relief against defendants Terhune, Ortiz or Dell.

Plaintiff has also failed to state cognizable claims against defendants Rousseau, Edmons or Dr. Kim. As plaintiff was previously advised, to constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, (9th Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. at 835. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer v. Brennan, 511 U.S. at 835; Frost v. Agnose, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 33 (1986). In the instant case, plaintiff has not plead facts to

indicate that defendants Rousseau, Edmons or Kim were deliberately indifferent to his safety needs. While plaintiff was temporary housed in an inaccessible cell, he was transferred back to an accessible cell shortly thereafter. It was unfortunate that plaintiff was injured, however, defendants' conduct, as described by plaintiff, did not rise to the level of deliberate indifference.

Because plaintiff has failed to state any cognizable claims against the named defendants, the Court recommends that this action be dismissed in its entirety. The Court does not recommend that plaintiff be granted leave to amend because he was given the opportunity to file an amended complaint and was unable to state a cognizable claim under the applicable standards.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 1, 2006            /s/ Dennis L. Beck
3b142a                        UNITED STATES MAGISTRATE JUDGE